UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOKARA WALTERS, *et al.* | CIVIL ACTION |
| VERSUS | NO. 25-2503 |
| CURTIS TELLIS, *et al.* | SECTION M (4) |

**ORDER & REASONS**

Before the Court is a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Great West Casualty Company ("Great West").[1] The motion is set for submission on October 29, 2026.[2] Local Rule 7.5 of the United States District Court for the Eastern District of Louisiana requires that a memorandum in opposition to a motion be filed no later than eight days before the noticed submission date, making the deadline in this instance October 21, 2026. Plaintiff Aaron Searls, who is represented by counsel, did not file an opposition to the motion. Accordingly, because the motion is unopposed and appears to have merit,[3]

[1] R. Doc. 13.

[2] R. Doc. 13-3.

[3] This is a personal injury case arising out of a motor vehicle accident on January 3. 2024, between plaintiff Jokara Walters and defendant Curtis Tellis. R. Doc. 1-3 at 38. Searls was a passenger in Walter's vehicle when the accident occurred. *Id.* The complaint alleges that at the time of the accident, Great West provided liability insurance to Tellis's employer, defendant CT Trans. *Id.* at 40. Walters and Searls filed suit in state court asserting a negligence claim against Tellis, negligence and vicarious liability claims against CT Trans, and a direct claim against Great West, as CT Trans's insurer. *Id.* at 38-40. Great West, Tellis, and CT Trans removed the case on grounds of diversity subject-matter jurisdiction, and the case was remanded, but eventually removed again to this Court. R. Doc. 1 at 2-3. Walters has since settled with all defendants regarding all her claims. R. Doc. 10. Great West moves to dismiss, arguing that Louisiana Revised Statute 22:1269 bars Searls's direct claim against it. R. Doc. 13 at 1. Under Louisiana law, a plaintiff claiming personal injuries has "no right of direct action against the insurer unless at least one [statutory exception] applies." La. R.S. 22:1269(B)(1). This statute applies to all actions filed after August 1, 2024, the statute's effective date, "regardless of the time of the events giving rise to the cause of action." *E.g.*, *Hurel v. Nat'l Fire & Marine Ins. Co.*, 414 So. 3d 778, 786 (La. App. 2025) (quoting *Church Mut. Ins. Co. v. Dardar*, 145 So. 3d 271, 287 (La. 2014)). Because the suit was filed after August 1, 2024, and none of the statutory exceptions are applicable or alleged in the captioned matter, Searls lacks a right of action against Great West, and Great West's motion to dismiss must be granted.

IT IS ORDERED that Great West's motion to dismiss (R. Doc. 13) is GRANTED.

IT IS FURTHER ORDERED that the claims of plaintiff Aaron Searls against Great West Casualty Company, only, are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this 23rd day of October, 2026.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE